■ In the Matter of the Claim of GIOVANNI D. GIACALONE, Appellant. COMMISSIONER OF LABOR, Respondent. [992 NYS2d 465]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 22, 2013, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant worked as a pet sales associate for the employer for a short time during 2010, and resigned after the employer told him that he was not selling enough puppies. Upon filing for unemployment benefits, claimant neglected to indicate that he had worked for the employer and, thereafter, he received regular unemployment insurance benefits, emergency unemployment compensation benefits (*see* Pub L 110-252, tit IV, § 4001 *et seq.*, 122 US Stat 2323) and federal additional compensation benefits (*see* 26 USC § 3304). The Unemployment Insurance

Appeal Board ultimately determined that claimant voluntarily separated from employment without good cause, made willful misrepresentations to obtain benefits and was disqualified from receiving benefits. The Board further charged claimant with a recoverable overpayment of $6,630. Claimant appeals, and we affirm.

Substantial evidence supports the determination that claimant left his employment without good cause inasmuch as quitting a job in anticipation of discharge does not constitute good cause for resignation, and continuing work was available to claimant (*see e.g. Matter of Jackson [Tect Utica —Commissioner of Labor]*, 107 AD3d 1183 [2013]). "[W]hether a claimant ha[s] made a willful misrepresentation to obtain benefits is a factual issue for the Board to resolve and [such decision] will be upheld if supported by substantial evidence" (*Matter of Smith [Commissioner of Labor]*, 107 AD3d 1287, 1288 [2013] [internal quotation marks and citation omitted]). Although claimant asserts that he was confused and made an honest mistake in not listing the employer when certifying for benefits, "a willful misrepresentation may be found even where the false statement was not made intentionally or was the result of confusion" (*Matter of Crist [Commissioner of Labor]*, 113 AD3d 1016, 1017 [2014]). In any event, as the Board determined, claimant's assertion that he could not remember the basic facts surrounding his employment when he certified for benefits approximately one month after quitting lacks credibility, and substantial evidence supports the Board's finding that claimant made willful misrepresentations (*see id.* at 1017-1018; *Matter of Smith [Commissioner of Labor]*, 107 AD3d at 1288).

Claimant's remaining arguments have been considered and are either unpreserved, contrary to the record or otherwise lacking in merit.

Lahtinen, J.P., Stein, McCarthy, Garry and Devine, JJ., concur. Ordered that the decision is affirmed, without costs.